# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NELSON ALEXIS COLATO-GALLARDO,<br><br>　　　　　　Defendant. | Case No. 19-mj-10332-RNB-BAS-1<br><br>**ORDER DENYING DEFENDANT'S APPEAL OF MAGISTRATE JUDGE DECISION**<br><br>**(ECF No. 16)** |

On November 4, 2019, Mr. Colato-Gallardo pled guilty to attempted reentry into the United States in violation of Title 8, United States Code, § 1325(a)(1). (ECF Nos. 13, 26 ("Plea Colloquy").) At the time he pled guilty, the Magistrate Judge advised Mr. Colato-Gallardo that the elements of this offense are:

> first, Defendant was, at the time of Defendant's attempted entry into the United States, an alien; that is, a person who's not a natural born or naturalized citizen or a national of the United States; second, Defendant had the specific intent to enter the United States at a time and place other than designated by Immigration officers; third, Defendant also had the specific intent to enter the United States free from official restraint, meaning the Defendant intended to enter without being detected, apprehended, or taken into custody by Government authorities so he

could roam freely in the United States; and, fourth, Defendant did something that was a substantial step toward committing the crime and that strongly corroborated the Defendant's intent to commit the crime. (Plea Colloquy 8:9–21.)  Defense counsel objected, arguing that the Government must also prove Defendant knew at the time of his entry that he was an alien.  (*Id.* 9:6–11.)  The Court overruled his objection.  (*Id.* 9:15.)

Mr. Colato-Gallardo now appeals from his conviction, arguing:  (1) Section 1325(a)(1) violates equal protection under *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266 (1977); and (2) the Magistrate Judge erred in not advising Mr. Colato-Gallardo that an element of his offense was knowledge of alienage.  (ECF Nos. 16, 31.)  The Government filed an opposition.  (ECF No. 32.)

Because both of these issues have been resolved by the Ninth Circuit against Mr. Colato-Gallardo, the Court **DENIES** the Appeal.

## I.   Equal Protection Under *Arlington Heights*

Defense counsel concedes this issue was resolved against Defendant in *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1154 (9th Cir. 2023).  The circuit court in *Carrillo-Lopez* concluded there was insufficient evidence that Congress enacted Section 1326 (or Section 1325) "because of discriminatory animus against Mexicans or other Central and South Americans." *Id.* at 1154.  Under *Arlington Heights*, "[t]his conclusion ends the constitutional inquiry." *Id.* (quoting *Arlington Heights*, 429 U.S. at 267).  Thus, the court rejected the equal protection challenge to this statute.  Nonetheless, defense counsel argues Carrillo-Lopez was wrongly decided by the Ninth Circuit.  Because this Court is bound to follow Ninth Circuit precedent, the Court rejects Mr. Colato-Gallardo's constitutional challenge.

## II.   Knowledge of Alienage as an Element

Defense counsel next argues that *United States v. Smith-Baltiher*, 424 F.3d 913 (9th Cir. 2005), and *Rehaif v. United States*, 139 S. Ct. 2191 (2019), dictate that knowledge of alienage is an element of attempted illegal reentry.  However, in *United

*States v. Rizo-Rizo*, 16 F.4th 1292 (9th Cir. 2021), *cert. denied* 143 S. Ct. 120 (2022), the Ninth Circuit found to the contrary. The court distinguished both *Smith-Baltiher* and *Rehaif*. The court explained that *Smith-Baltiher* only stands for the proposition that "knowledge of alienage was a possible defense that negates the required intent *(that the defendant intended to enter the United States without consent)*." *Id.* at 1295 (emphasis in original) (citing *Smith-Baltiher*, 424 F.3d at 925). Thus, the knowledge required is knowledge of entry without the consent of the Attorney General, not knowledge of alienage. The court also distinguished *Rehaif*, which concerned an express *mens rea* requirement. "There is no such express *mens rea* requirement in §1325(a)(1) that would apply to the defendant's status." *Id.* Thus, the court concluded knowledge of alienage is not an element of the crime of attempted illegal entry.

Once again, this Court is bound by Ninth Circuit precedent. Therefore, defense counsel's argument on this point must also fail.

### III.  Conclusion

For the reasons stated above, the Appeal (ECF No. 16) is **DENIED**, and Mr. Colato-Gallardo's conviction and sentence are affirmed.

**IT IS SO ORDERED.**

DATED: December 21, 2023

Hon. Cynthia Bashant
United States District Judge